Gladys **MURINO**

v.

**Jessie REYNOLDS, Administratrix of the Estate of James M.W. Gordon.**

No. 87–434–Appeal.

Supreme Court of Rhode Island.

Dec. 6, 1988.

Harold H. Winsten, Feiner & Winsten, Michael Murray, Asquith, Merolla, Anderson, Ryan & Wiley, Providence, for plaintiff.

F.A. Starr, Cranston, for defendant.

OPINION

PER CURIAM.

This is a probate appeal. The plaintiff is the niece of the deceased. The defendant is the deceased's sister. At issue are the plaintiff's efforts to have included within the probate inventory the proceeds from two life insurance policies in which the decedent had named his sister, the administratrix, as beneficiary. The record also indicates that the probate of this estate was delayed for some time as the plaintiff attempted unsuccessfully to block the de-fendant's efforts to have the funds in a joint bank account in the names of the deceased and the plaintiff included as part of the assets of the estate.

It should be noted that before his death, the decedent had executed a document entitled "My Last Wish" in which he entrusted the task of handling his affairs and carrying out his wishes in that document to his sister, the administratrix. It is obvious that the document did not comply with the statute relating to the execution of wills. The Superior Court justice was quite correct in his determination that the defendant, as beneficiary of the insurance policies, was under no obligation to include the proceeds of the two policies as assets of the estate. *See* G.L. 1956 (1979 Reenactment) § 27–4–11, which specifically provides that the proceeds of a life insurance policy shall be paid to "the lawful beneficiary."

After consideration of memoranda and arguments of counsel, the court is of the opinion that no cause has been shown. Accordingly the plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.